

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-13-2002

# Thompson v. Munhall

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4120

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Thompson v. Munhall" (2002). *2002 Decisions.* Paper 496.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/496

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 01-4120
_____


WAYNE THOMPSON; ROBERT WARNOCK;
CHARLES SECKEL; MARK BRACKARELL,
    t/a WOODLAWN ENTERPRISES,

                                          Appellants

                    v.

         BOROUGH OF MUNHALL
              _____


On Appeal from the United States District Court
   for the Western District of Pennsylvania
        (D.C. Civil No. 00-cv-00894)
District Judge: Honorable William L. Standish
              _____


   Submitted Under Third Circuit LAR 34.1(a)
            on August 1, 2002

Before:  ROTH, RENDELL, and AMBRO, Circuit Judges

       (Filed: August 13, 2002)_____

         OPINION OF THE COURT
              _____


RENDELL, Circuit Judge.
    Appellants (hereinafter "Woodlawn") appeal the District Court's 12(b)(1) dismissal of their constitutional and Fair Housing Act claims.  The District Court determined that the claims were not ripe, and therefore dismissed both claims for lack of subject matter jurisdiction.  For the reasons set forth below we will affirm the District Court's dismissal.
    Appellants purchased the Woodlawn School, located in the Borough of Munhall, Pennsylvania, intending to renovate it into a senior citizen home.  The school was located in a R-1 residential zone and the proposed senior citizen home would require a variance or rezoning of the area to a R-4 zone.  Woodlawn, allegedly acting on informal advice from the Borough Manager, decided not to apply for a variance and applied instead for rezoning.  The zoning board denied the rezoning request.  Woodlawn's claims are based on alleged prejudice of the zoning board in denying the rezoning request.  After the denial, the solicitor for the Borough of Munhall, in a sworn affidavit, advised Woodlawn that they could seek a variance.  He also indicated that he would recommend approval of a variance to the board.  Woodlawn has not requested a variance to date.
    While the District Court concluded that it did not have jurisdiction over this matter, we have jurisdiction to review the District Court's dismissal pursuant to 28 U.S.C.  1291.  In reviewing a 12(b)(1) dismissal for lack of ripeness we exercise plenary review.  Ne Hub Partners, L.P. v. CNG Transmission Co., 239 F.3d 333, 341 (3d

Cir. 2001). We treat the allegations in the complaint as true and assess the "facial challenge." Id.

There must be a true and ripe case or controversy for a federal court to have jurisdiction over an action. Ripeness involves a determination as to the point in time at which a party may pursue a claim. Philadelphia Fed'n of Teachers v. Ridge, 150 F.3d 319, 323 (3d Cir. 1998). There must be a final judgment on the nature and extent of the zoning ordinance's impact on the land before constitutional claims arising out of land use decisions are ripe. See Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985); Taylor Inv., Ltd. v. Upper Darby Township, 983 F.2d 1285, 1291-92 (3d Cir. 1993). Likewise, for a Fair Housing Act violation regarding land use there must also be a final decision for the claim to be ripe. See Oxford House-C v. City of St. Louis, 77 F.3d 249 (8th Cir. 1996); United States v. Village of Palatine, Ill., 37 F.3d 1230 (7th Cir. 1994).

In this case there has been no final decision. The fact that Woodlawn was denied a rezoning request is not a final decision regarding their use of the land because the unpursued option of seeking a variance remains. The Borough Solicitor not only signed a sworn affidavit stating that Woodlawn could apply for a variance, but even declared he would recommend that the borough not oppose the request. Because Woodlawn is still free to formally pursue a variance, there is no final decision on the land and the claims are unripe.

Accordingly, we will AFFIRM the District Court's order. _____
TO THE CLERK OF COURT:

Please file the foregoing Not Precedential Opinion.

_____/s/ Marjorie O. Rendell_____
Circuit Judge